Jay Lee GIBSON, Plaintiff-Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPANY et al., Defendants-Appellees.

No. 78–1309

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1978.

Rehearing Denied Oct. 17, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Jay Lee Gibson, pro se.

Clarence M. Small, Jr., Birmingham, Ala., Everett R. Scott, Jr., Lake Charles, La., James P. Simpson, Dallas, Tex., for Missouri Pacific Railroad Co.

Abner W. Sibal, Gary T. Brown, Joseph T. Eddins, Jr., Associate Gen., Beatrice Rosenberg, Asst. Gen. Counsel, E. E. O. C., Washington, D. C., for E. E. O. C.

Ross & Kraushaar, Harold A. Ross, Cleveland, Ohio, for Switchmen and Trainmen.

Before MORGAN, CLARK and TJO-FLAT, Circuit Judges.

PER CURIAM:

On December 12, 1950, Jay Lee Gibson, then employed as an engineer for Missouri Pacific Railroad Co., was injured while in the course of his employment. He eventually recovered a jury award in an action against the Railroad under the Federal Employer's Liability Act, 45 U.S.C.A. § 51 *et seq.* On July 1, 1958, four months after this judgment was collected, Gibson sought full reinstatement. The Railroad's denial was carried through grievance procedures before the National Railroad Adjustment Board which were unavailing to Gibson, *see Gibson v. Missouri Pacific Railroad Company,* 441 F.2d 784 (5th Cir. 1971). The present action against the Railroad, the Equal Employment Opportunity Commission (EEOC), and the Brotherhood of Locomotive Engineers and other unions (unions) is predicated on the claim that racial discrimination occurring during the year 1950, as a result of Gibson's endeavors on behalf of Negroes seeking employment in the Railroad's Houston, Texas yards, caused the refusal to reinstate. We affirm the district court's denial of relief.

■ The Railroad, EEOC, and unions contend the court lacks jurisdiction of the appeal because notice was not timely filed. An order dismissing Gibson's action was entered on June 13, 1977. Gibson, acting pro se, complained about the court's decision in a letter filed June 21, 1977, which the court treated as a motion for rehearing. On August 12, 1977, the court entered an order denying rehearing relief and dismissing the case as to all defendants. In a letter filed on August 19, 1977, Gibson again communicated informally to the court his desire to be further heard on the matter and stated that both the judge who had entered the prior order of dismissal and the successor judge had talked with him and agreed to hear him further. On January 30, 1978, after hearing, the successor judge denied this record request for rehearing. In the order the court stated: "Because of some possible misunderstanding about the rehearing before Judge Hunter, I, after consulting with Judge Hunter, granted plaintiff a hearing on his motion for a rehearing." On that same day Gibson noticed his appeal to this court from that order. In the unique status of the present proceeding conducted by a pro se plaintiff, we conclude that the notice of appeal was timely filed and that we have jurisdiction to determine the merits.

■ The action was properly dismissed as to the defendant EEOC. Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5 *et seq.,* confers no right of action against the enforcement agency. Nothing done or omitted by EEOC affected Gibson's rights. Their adverse determination could not have precluded, and in fact did not preclude, the present suit by Gibson. The relief sought of further investigation or action by the agency would be meaningless.

■ Gibson now asserts that his work on behalf of Negro fellow employees which took place in 1950 was the real reason he was not reinstated. His application for reinstatement was made and denied in 1958. Neither of these instances involve conduct covered by Title VII. Since the denial of reinstatement was not of a continuing nature, no cause of action can be based thereon. *United States v. East Texas Motor*

**892**

*Freight System,* 564 F.2d 179 (5th Cir. 1977). Furthermore, the prior adjudication that Gibson was not reinstated because he had been found to be permanently disabled precludes this new form of attack. For each and both of these reasons, the Railroad was properly dismissed.

The action against the unions was properly dismissed for the same reasons applicable to the Railroad. Additionally, the complaint states no more than that the unions "became antagonistic" toward Gibson and that "by reason of a conspiracy which exists between the Railway Brotherhoods aforesaid and the Missouri Pacific Railroad Company," Gibson was deprived of his rights. Such conclusory allegations are insufficient to state a cause of action for conspiracy.

AFFIRMED.