**Jerry McCOTTRELL, Plaintiff-Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant-Appellee.**

**No. 83–1351.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 14, 1983.[*]

Decided Jan. 30, 1984.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Appellant has requested oral argument. Upon consideration of that request, the briefs, and the record, oral argument is denied and the appeal is submitted on the briefs and record.

Jerry McCottrell, pro se.

Frederick J. Hess, U.S. Atty., East St. Louis, Ill., Michael C. Carr, Asst. U.S. Atty., Benton, Ill., Dianna B. Johnston, E.E.O.C., Washington, D.C., for defendant-appellee.

Before CUMMINGS, Chief Judge, and ESCHBACH and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

In 1974, plaintiff-appellant McCottrell filed two charges against his former employer with the Equal Employment Opportunity Commission ("EEOC"). The first alleged that his employer improperly discriminated against blacks with respect to the terms and conditions of employment. The second alleged that he was terminated because of his race and in retaliation for filing the first discrimination charge. In January 1977, the EEOC sent McCottrell a determination of no reasonable cause and a Right-to-Sue Notice. In March 1977, McCottrell filed a Title VII action against his former employer. Two years later, the parties advised the court that the suit had been settled, and the court dismissed McCottrell's action. McCottrell then initiated the present action *pro se* against the EEOC, claiming that the EEOC's adverse determination had caused him hardship. He sought $3,000,000 in damages. The district court dismissed the complaint.

On appeal, McCottrell has submitted a one-page brief, stating that the 1979 settlement between him and his former employer proves that the EEOC erred in its determination; that the EEOC failed to support his rights; and that the EEOC's conduct caused him hardship. Were McCottrell represented by counsel, we would be entitled to refuse to consider this appeal in view of the insufficiency of his brief. *See Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.,* 722 F.2d 1319 (7th Cir.1983). We do not, however, deem it appropriate to hold *pro se* litigants to the same standard we recently set for counseled litigants. McCottrell's brief, though woefully inadequate, sets forth a discernible, albeit unsupported, argument. Henceforth, *pro se* litigants should anticipate that this court may dismiss an appeal where the brief submitted contains no identifiable argument.

It is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge. *See, e.g., Stewart v. EEOC,* 611 F.2d 679 (7th Cir.1979); *Francis-Sobel v. University of Maine,* 597 F.2d 15 (1st Cir.1979), *cert. denied,* 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979); *Georator Corp. v. EEOC,* 592 F.2d 765 (4th Cir.1979); *Archie v. Chicago Truck Drivers,* 585 F.2d 210 (7th Cir.1978); *Gibson v. Missouri Pacific Railroad Co.,* 579 F.2d 890 (5th Cir.1978), *cert. denied,* 440 U.S. 921, 99 S.Ct. 1245, 59 L.Ed.2d 473 (1979).[1]

---

1. On appeal, plaintiff cites 28 U.S.C. § 1343 (Supp. IV 1980). Section 1343, however, provides only a jurisdictional basis for civil rights cases authorized by federal law and claims under the Constitution; it does not itself provide a cause of action. Plaintiff has no right under the Constitution to challenge the EEOC's adverse determination, *Francis-Sobel v. University of Maine,* 597 F.2d at 17. Although plaintiff does not cite the Administrative Procedure Act, 5 U.S.C. §§ 551–559 (1982), we note that this court has held that the Administrative Procedure Act does not provide a right to judicial review of an adverse EEOC determination. *Stewart v. EEOC,* 611 F.2d 679 (7th Cir.1979).

Congress has provided that a plaintiff's remedy in a case such as this is to commence suit in the district court against the party allegedly engaged in discrimination. A plaintiff is there entitled to *de novo* review of his claims. McCottrell in fact availed himself of this remedy, apparently with some success.

The district court's judgment is affirmed.