**Hardy C. SVENSON, Plaintiff,**

v.

**Clarence THOMAS, Chairman, Equal Employment Opportunity Commission, Raymond J. Donovan, Secretary, United States Department of Labor, and Donald T. Regan, Secretary, United States Department of the Treasury, Defendants.**

**Civ. A. No. 84–2632.**

United States District Court, District of Columbia.

April 4, 1985.

Hardy C. Svenson, pro se.

Charles F. Flynn, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

This case now is before the Court on defendant Thomas' motion to dismiss him as a defendant. On consideration thereof, and on consideration of plaintiff's opposition and the entire record, the motion is granted.

The plaintiff seeks relief for alleged employment discrimination pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e–16, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a.

On September 23, 1982, the plaintiff, an employee of the Department of Labor (hereinafter Agency), filed a formal administrative complaint alleging discrimination by the Agency based on age and national origin. That complaint alleged continuous discrimination dating back to a work-related injury which occurred on December 10, 1980. The Agency's Office of Civil Rights handed down its final decision on March 7, 1983. The decision accepted certain allegations as having merit and rejected others as untimely. The plaintiff appealed that decision to the Equal Employment Opportunity Commission (EEOC). The EEOC affirmed.

On February 14, 1984, during the pendency of the appeal, plaintiff filed a formal administrative complaint alleging that the EEO coordinator handling the case "coerc[ed], interfer[ed] and restrain[ed]" the plaintiff from pursuing his original complaint. He further contended that such action was in reprisal for his having filed the original complaint. Those allegations stemmed from plaintiff's dissatisfaction with the EEO coordinator's handling of the complaint. On April 13, 1984, the Agency issued a decision which, relying on EEO management bulletin 107 (EEO–MB–107), rejected the February 14, 1984, reprisal complaint.[1] The effect of this was to incorporate the reprisal complaint into the original complaint. The plaintiff appealed that decision to the EEOC, arguing that the original complaint and the reprisal complaint should have been considered separately. The EEOC found that the reprisal complaint was a spinoff of the original

---

1. EEO–MB–107 directs that complaints filed alleging discrimination in the actual handling and processing of a previously filed discrimination claim are to be addressed in connection with the original complaints. They are not to be separately considered. This policy recognizes the staggering case load handled by the agencies and attempts to minimize its growth by incorporating these offshoot complaints into the original complaints.

# 1006

complaint and, in reliance on EEO–MB–107, upheld the joint processing.

The complaint in this case alleges in part that defendant Thomas, the Chairman of the EEOC, failed to appoint a complaint examiner, denied the plaintiff a hearing, and failed to provide findings or develop a record, thus violating Title VII and ADEA. Basically, the portion of plaintiff's complaint leveled at defendant Thomas arises from plaintiff's disagreement with the two EEOC decisions as well as the EEOC's reliance on EEO–MB–107.

■ The question is whether the Chairman of the EEOC is amenable to suit under either Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e–16, or the Age Discrimination in Employment Act, 29 U.S.C. § 633a, by a federal employee who is not in the employ of the EEOC. The Court concludes that he is not.

■ It is clear "that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." *McCottrell v. EEOC,* 726 F.2d 350, 351 (7th Cir.1984) (citations omitted). A plaintiff may vindicate his rights by filing a complaint against the party allegedly engaged in the discrimination. *Id.* at 352. Mr. Svenson has done this. The plaintiff's Title VII claim against defendant Thomas fails to state a claim upon which relief can be granted and therefore must be dismissed. *See* Fed.R.Civ.P. 12(b)(6).

■ Section 15 of the ADEA, 29 U.S.C. § 633a, was modeled after Title VII. *Lehman v. Nakshian,* 453 U.S. 156, 163, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981). Whenever possible, the two statutes are to be construed consistently. *Oscar Mayer and Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). The plaintiff's claim against defendant Thomas under the ADEA, not being against the head of the employing agency, also must fail. The plaintiff's sole remedy under Title VII and ADEA lies against the head of the employing agency allegedly

perpetrating the discrimination. Accordingly, it hereby is.

ORDERED, that defendant Thomas' motion to dismiss as to him is granted with prejudice.

SO ORDERED.