**Dr. Lih Y. YOUNG, Plaintiff,**

**v.**

**Hon. Louis SULLIVAN, Secretary, Department of Health and Human Services, Hon. Clarence Thomas, Chairman, Equal Employment Opportunity Commission, Defendants.**

**Civ. A. No. 89–2227.**

United States District Court, District of Columbia.

March 19, 1990.

Dr. Lih Y. Young, Rockville, Md., pro se.

Kathleen Oram, E.E.O.C., Washington, D.C., for defendant Thomas.

Daniel Bensing, Asst. U.S. Atty., Washington, D.C., for defendant Sullivan.

## AMENDED MEMORANDUM OF OPINION AND ORDER

REVERCOMB, District Judge.

It has come to the Court's attention that its Order of February 21, 1990 contained a clerical error on pages 2–3. The Court now AMENDS its February 21, 1990 Order. See Fed.Rules Civ.Proc., Rule 60(a).

This is a Title VII action in which plaintiff, pro se, Dr. Lih Y. Young, alleges that her former employer, the Department of Health and Human Services, discriminated against her on the basis of race and national origin and engaged retaliatory conduct

for plaintiff's earlier filing of an EEO complaint. Plaintiff further alleges that both the Department and the Equal Employment Opportunity Commission improperly processed and investigated her administrative claims for relief. Plaintiff requests this Court to order the agencies to fully investigate her administrative complaint or, in the alternative, for *de novo* review of her discrimination/retaliation allegations. At bar are defendants Louis Sullivan ("Sullivan") and Clarence Thomas's ("Thomas") motions to dismiss the complaint as failing to state a cause of action as a matter of law.

 Defendant Thomas's motion to dismiss is GRANTED in its entirety. Title VII provides a former employee with a remedy *only* against his or her *employer*.[1] See 42 U.S.C. §§ 2000e–2, 2000e–5(f)(1). It does not create an independent cause of action against the EEOC for its investigation and processing of a charge. *McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir.1984); *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir.1983), *cert. denied*, 466 U.S. 953, 104 S.Ct. 2159, 80 L.Ed.2d 544 (1984); *Gibson v. Missouri Pac. R. Co.*, 579 F.2d 890, 891 (5th Cir.1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1245, 59 L.Ed.2d 473 (1979); *Svenson v. Thomas*, 607 F.Supp. 1004 (D.D.C.1985) (Harris, J.); see also *Francis–Sobel v. University of Maine*, 597 F.2d 15 (1st Cir.1979), *cert. denied*, 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979); *Georator Corp. v. Equal Emp. Opp. Com'n*, 592 F.2d 765 (4th Cir.1979). Accordingly, plaintiff's action is DISMISSED as to defendant Thomas.

 Defendant Sullivan's motion to dismiss is GRANTED in part and DENIED in part. Title VII creates only a cause of action for discrimination. It does not create an independent cause of action for the mishandling of an employee's discrimination complaints.[2]

Title VII must be viewed as a comprehensive statutory scheme designed to eradicate employment discrimination. The only "right" it establishes is the right to be free of discrimination. This interest is wholly preserved, even if the EEOC errs in its processing of the charge, by the right to a trial *de novo* ... *Hall v. Equal Employment Opportunity Com'n*, 456 F.Supp. 695, 700 (N.D.Cal.1978).

Accordingly, Counts I, V, VI and VIII are DISMISSED. Counts II, III, IV and VII which allege claims of discrimination and retaliation remain.

It also appears from defendant Sullivan's motion to dismiss that there may be other legal issues which dispose of or narrow the issues in this case (i.e. whether plaintiff's claims are barred by *res judicata*, whether plaintiff's lawsuit was timely filed).

---

1. Plaintiff does not allege that she was employed by the EEOC.

2. In some cases, however, a Title VII plaintiff may point to improper processing of claims as evidence of an employer's discriminatory motive.