**Ruth PACKER, Plaintiff,**

v.

**H. Lawrence GARRETT, III, Secretary, Department of the Navy, et al., Defendants.**

**Civ. A. No. 89–3431–GHR.**

United States District Court, District of Columbia.

April 20, 1990.

---

Ruth Packer, Washington, D.C., pro se.

Marina Utgoff Braswell, Asst. U.S. Atty., Washington, D.C., for defendants.

ORDER

REVERCOMB, District Judge.

The plaintiff filed her complaint against the Secretary of the Navy and the Equal Employment Opportunity Commission for allegedly unlawfully denying her request

---

to reopen an administrative appellate decision issued by the EEOC. This matter is before the Court pursuant to defendants' motion to dismiss and the plaintiff's opposition thereto.

### I. Statement of Facts

On October 29, 1984, July 17, 1985, and August 15, 1985, the plaintiff filed three separate complaints against the Navy with the EEOC alleging race and sex discrimination and retaliation for prior EEO activity. A written settlement offer was made on March 14, 1988 which plaintiff declined with a counteroffer. On April 18, 1988, the EEOC issued its final decision certifying that the March 14th offer was full relief and that her complaints were cancelled due to her failure to accept that offer.

Plaintiff, through her counsel, timely initiated an appeal to the EEOC's Office of Review and Appeal which, on August 30, 1988, affirmed the agency's cancellation of plaintiff's complaint after finding that the settlement offer was full relief. Plaintiff's attorney received both his copy and her copy of that decision in August 1988. Plaintiff contends that her attorney did not provide her with her copy until months later. Plaintiff requested her attorney to seek to reopen the EEOC's decision but he refused. On April 19, 1989, the plaintiff filed a pro se request with the EEOC that it reopen its decision. The EEOC denied the request on November 17, 1989 on the ground that such requests must be made within thirty days and plaintiff's request—nearly eight months after the EEOC decision—was accordingly untimely. The EEOC further determined that the circumstances surrounding the delay did not warrant an excuse of the untimely request where plaintiff chose to proceed solely through her attorney and failed to provide the EEOC with an address at which the it could have directly mailed a copy of its decision to her.

### II. Legal Analysis

The plaintiff has filed the instant suit against the defendants requesting this Court to order the EEOC to reopen her complaint. Section 717 of Title VII, 42 U.S.C. § 2000e–16, provides the exclusive remedy for claims by federal employees alleging discrimination in federal employment. *See, e.g., Brown v. General Services Administration*, 425 U.S. 820, 828–29, 96 S.Ct. 1961, 1965–66, 48 L.Ed.2d 402 (1976); *Jarrell v. Postal Serv.*, 753 F.2d 1088, 1091 (D.C.Cir.1985). This section does not provide a basis for district court jurisdiction over actions brought against the EEOC when the EEOC is not the agency alleged to have engaged in discrimination but rather is merely involved in its capacity as the agency empowered to hear appeals from final agency decisions concerning discrimination complaints. As this Court has ruled on previous occasions, "Title VII provides a former employee with a remedy *only* against his or her *employer*" and "does not create an independent cause of action against the EEOC for its investigation and processing of a charge." *Young v. Sullivan*, 733 F.Supp. 131 (D.D.C.1990) (Revercomb, J.); *see also McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984); *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir.1983), *cert. denied*, 466 U.S. 953, 104 S.Ct. 2159, 80 L.Ed.2d 544 (1984); *Francis–Sobel v. University of Maine*, 597 F.2d 15 (1st Cir.), *cert. denied*, 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979); *Georator Corp. v. EEOC*, 592 F.2d 765 (4th Cir.1979); *Gibson v. Missouri Pac. R. Co.*, 579 F.2d 890, 891 (5th Cir.1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1245, 59 L.Ed.2d 473 (1979); *Svenson v. Thomas*, 607 F.Supp. 1004 (D.D.C.1985).

Section 717 of Title VII expressly provides plaintiff with *de novo* judicial review of her claim of discrimination. If plaintiff was dissatisfied with the EEOC's administrative appeals decision, her remedy was to file a timely civil action against the employing agency, the Navy. For example, in *Hall v. EEOC*, 456 F.Supp. 695 (N.D.Cal. 1978), the court provided:

> Title VII must be viewed as a comprehensive statutory scheme designed to eradicate employment discrimination. The only "right" it establishes is the right to be free of discrimination. This interest is wholly preserved, even if the

EEOC errs in its processing of the charge, by the right to a trial *de novo*. *Id.* at 700. It is thus clear that this Court lacks jurisdiction over plaintiff's complaint as it pertains to the EEOC, and her complaint against the EEOC fails to state a claim upon which relief can be granted.

Moreover, although the plaintiff names the Navy as a defendant in the complaint, she fails to allege any cause of action against the Navy or seek any relief against the Navy. It is clear that the only basis of the plaintiff's complaint is her demand to have the EEOC reopen her case. Other than naming the Navy as a defendant in the case caption, plaintiff's complaint fails to make specific allegations or reference to that defendant. Accordingly, dismissal is proper. *See Marvasi v. Shorty*, 70 F.R.D. 14, 22 (E.D.Pa.1976).[1]

It hereby is

ORDERED that defendant's motion to dismiss be, and the same hereby is, GRANTED; and it is further

ORDERED that the plaintiff's complaint be, and the same hereby is, DISMISSED with prejudice.

---

1. Even if the plaintiff had stated a cause of action against the Navy in her complaint for discrimination, it would be time barred as not within 30–day filing limit of section 717(c) of Title VII. *See Mondy v. Secretary of the Army,* 845 F.2d 1051, 1056–58 (D.C.Cir.1988). The circumstances of this case do not warrant equitable tolling of that limit. *Id.* (filing limit is to be tolled only in "extraordinary and carefully circumscribed circumstances").