989 F.2d 503
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie T. WILLIAMS, Plaintiff/Appellant,
v.
Kent JANSSEN and Richard Hammonds, Defendants/Appellees.
 No. 91-2558.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1993.*
Decided March 12, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie Williams, an inmate at Illinois River Correctional Center, sued two members of the prison's Adjustment Committee under 42 U.S.C. § 1983, claiming that they violated his constitutional right to call witnesses to testify at his hearing before their committee. The court granted summary judgment in favor of the defendants. Williams now appeals that ruling.
 
 
 2
 Williams received ample notice that he was to appear before the committee after being accused of giving false information to a prison employee. Despite this notice Williams never requested that the committee allow a witness to testify on his behalf until the actual hearing began. His request for a witness was included in a written statement he had prepared for the committee. Prison rules required that Williams make his request for witnesses prior to the hearing. The committee denied the request for being untimely.
 
 
 3
 Williams argues that the committee did not give its reasons for denying the witness, either in his disciplinary record or in open court, in violation of Ponte v. Real, 471 U.S. 491, 497 (1985). He claims that they only explained their denial of his request once they filed affidavits in support of summary judgment in the district court. These affidavits are too late, he claims, because they checked the box on the disciplinary report that indicated Williams had not requested a witness. Even if this is true, however, it would satisfy the requirements of Ponte, for that case says point blank that prison officials may explain why witnesses were not allowed to testify "by presenting testimony in court if the deprivation of a 'liberty' interest is challenged because of that claimed defect in the hearing." Id. That is what happened in this case. The district court did not err by granting summary judgment on this issue.
 
 
 4
 Williams also claims that the district court disregarded his affidavits opposing summary judgment, that the district court was biased, and that the district court's refusal to appoint counsel deprived him of his ability properly to oppose summary judgment. Williams has not supported these contentions with law or fact. Without more Williams fails to meet the minimum standards that this court requires before it will consider a party's argument. Fed.R.App.P. 28(a). McCotrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs