48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gregory L. PAYNE, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 94-1137.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 3, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Gregory L. Payne, an Indiana prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court denied relief, and Payne appeals.
 
 
 2
 Payne first challenges the Indiana Prison Conduct Adjustment Board's (CAB) revocation of 75 days' good time credit and demotions in his credit-earning class, all of which occurred while Payne was serving the first of two consecutive sentences. Payne has completed that first sentence; however, this does not prevent his challenging disciplinary action which ultimately affects the second portion of the consecutive sentence he is serving. See Fawcett v. Bablitch, 962 F.2d 617 (7th Cir.1992); Harrison v. Indiana, 597 F.2d 115 (7th Cir.1979).
 
 
 3
 Payne next argues that after the disciplinary hearing and the disciplinary board's recommendation, there should be a second hearing regarding the credit-earning class he will be placed in, before the warden adopts the CAB's recommendation. Payne cites no legal authority for such a proposition, and this court is aware of none. See United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.1991) (this court is not obligated to research and construct legal arguments on behalf of the parties); McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir.1984) (pro se litigants "should anticipate that this court may dismiss an appeal where the brief submitted contains no identifiable argument"); see also Fed.R.App.P. 28(a).
 
 
 4
 Payne does not argue that he was denied due process at the full hearing held before the CAB. An inmate has the right to an impartial decisionmaker, Wolff v. McDonnell, 418 U.S. 539, 571 (1974), and to meaningful administrative review, Forbes v. Trigg, 976 F.2d 308, 319 (7th Cir.1992), cert. denied, 113 S.Ct. 1362 (1993), both of which Payne received. He is not entitled to a second hearing prior to the warden's decision to adopt or not adopt the CAB's recommendation. Cf. Bergen v. Spaulding, 881 F.2d 719, 722 (9th Cir.1989) (prisoner deprived of due process where he received no hearing at all before the superintendent recommended, and Board adopted recommendation, regarding calculation of good time credits); Miller v. Cooper, No. 93 C 1555 (N.D.Ill. Oct. 24, 1994), (inmate does not state a due process violation were he received all due process rights at disciplinary hearing prior to warden's approval of recommendation of adjustment committee).
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record