Debra WALDRON, Plaintiff,

v.

Cynthia G. PIERRE, et al., Defendants.

No. 97 C 5854.

United States District Court,
N.D. Illinois,
Eastern Division.

March 12, 1998.

Debra Waldron, Arlington Heights, IL, pro se.

John C. Hendrickson, U.S. E.E.O.C., U.S. Attorney's Office, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are two motions filed in this case. The first is defendant the United States Equal Employment Opportunity Commission's ("the EEOC") motion to dismiss plaintiff Debra Waldron's ("Waldron") complaint as against the EEOC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The second is a motion for summary judgment filed by Waldron. For the reasons that follow, the court (1) grants the EEOC's motion to dismiss and (2) denies Waldron's motion for summary judgment.

### I. BACKGROUND

Plaintiff Debra Waldron has filed a pro se complaint against defendants the EEOC and Cynthia Pierre ("Pierre"), who is the Deputy Director of the Chicago District Office of the EEOC. Essentially, Waldron's complaint makes two claims: (1) that the EEOC wrongfully refused to pursue her charge of discrimination against her former employer and (2) that the EEOC actually settled her claim against her former employer for $126,-000 and Pierre took this money for her own personal use instead of giving the money to Waldron.

This matter is currently before the court on two motions. The first is the EEOC's motion to dismiss Waldron's complaint as against the EEOC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The EEOC argues that it should be dismissed as a defendant (1) pursuant to Rule 12(b)(1) because the court does not have subject matter jurisdiction and (2) pursuant to Rule 12(b)(6) because the complaint fails to state a claim. The second motion is Waldron's motion for summary judgment.

### II. DISCUSSION

The EEOC has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The court must consider the 12(b)(1) motion first because dismissal under rule 12(b)(1) would render the EEOC's 12(b)(6) motion and Waldron's summary judgment motion moot. *Coker v. Transworld Airlines Inc.*, 957 F.Supp. 158, 161 (1997).

The EEOC argues that Waldron's complaint should be dismissed as against the EEOC pursuant to Rule 12(b)(1) because this court does not have subject matter jurisdiction. Unlike state courts, federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Federal courts only have the power to hear a case if that power is granted by the Constitution and authorized by statute. *Id.* The presumption is that a cause lies outside of this limited jurisdiction. *Id.* The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

When ruling on a motion to dismiss for lack of subject matter jurisdiction, the district court must accept all of the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in plaintiff's favor. *United Trans. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir.1996). When reviewing pro se complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Finally, when ruling on a 12(b)(1) motion, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir.1993).

The first of Waldron's two claims is that the EEOC and its employees failed to pursue Waldron's claim against her former employer. Waldron argues that this conduct violates Title VII of the Civil Rights Act of 1964 ("Title VII"). However, "[i]t is well settled law ... that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir.1984). Further, a plaintiff has no right under the Constitution to challenge, and the Administrative Procedure Act does not provide a right to judicial review of, an adverse decision by the EEOC. *Id.* at 351 n. 2. As

Waldron did not cite and this court's research did not reveal a jurisdictional basis for Waldron's claim against the EEOC and its employees for failing to pursue her charge of discrimination, this court finds that it does not have subject matter jurisdiction over that claim.

■ Waldron's second claim is that the EEOC actually settled her claim against her former employer for $126,000 but Pierre took the money for herself and refuses to give it to Waldron. Waldron argues that the court has jurisdiction over this claim pursuant to 18 U.S.C. § 654. Section 654, however, is a criminal statute which does not expressly provide for a private cause of action, and the court finds that there is no private cause of action implied in 18 U.S.C. § 654. *See Cort v. Ash,* 422 U.S. 66, 79, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Israel Aircraft Industries Ltd. v. Sanwa Bus. Credit Corp.,* 16 F.3d 198, 200 (7th Cir.1994).

■ Arguably Waldron's complaint might state a tort claim against the United States under the Federal Tort Claims Act ("FTCA"). However, Waldron has failed to allege that she has exhausted her administrative remedies with respect to any tort claim as required by 28 U.S.C. § 2675(a). Because Waldron did not first present her tort claim to the appropriate federal agency, the claim must be dismissed for lack of subject matter jurisdiction. *See, e.g., McNeil v. United States,* 508 U.S. 106, 111–113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Sullivan v. United States,* 21 F.3d 198, 205 (7th Cir.1994); *Cleveland v. Secretary of Health & Human Servs.,* No. 93 C 0994, 1993 WL 321755, at *4 (N.D.Ill. Aug.19, 1993).

Having dismissed the claims against the EEOC, all that is left of this case is Waldron's claims against Pierre. Essentially, Waldron's claims against Pierre are (1) that Pierre mishandled Waldron's EEOC charge and (2) that Pierre took the $126,000 for her own personal use. However, Waldron has not cited, and the court's research did not reveal, any basis for federal subject matter jurisdiction over these claims. As discussed above, neither Title VII nor 18 U.S.C. § 654 provide such a basis.

Because the court has determined that this case should be dismissed pursuant to Rule 12(b)(1), the court need not reach the merits of the EEOC's 12(b)(6) motion. Similarly, the court denies Waldron's motion for summary judgment as moot.

### III. CONCLUSION

For the foregoing reasons, the court finds that it does not have subject matter jurisdiction over this case. Accordingly, the court (1) grants defendant Equal Employment Opportunity Commission's motion to dismiss plaintiff Debra Waldron's complaint and (2) denies plaintiff's motion for summary judgment. Plaintiff's case is dismissed in its entirety. Plaintiff's claim that the EEOC or its employees mishandled her EEOC charge is dismissed with prejudice. Plaintiff's claim that the EEOC settled her claim and defendant Cynthia Pierre took the money is dismissed without prejudice. Plaintiff is free to pursue whatever tort claim she might have against defendant Cynthia Pierre in state court.