**Rosemarie L. NELSON, Plaintiff,**

v.

**Alan GREENSPAN, Chairman, Board of Governors of the Federal Reserve System, Defendant.**

**No. Civ.A. 99–0215.**

United States District Court, District of Columbia.

Aug. 15, 2001.

Walter T. Charlton, Walter T. Charlton & Assoc., Annapolis, MD, for Plaintiff.

Katherine H. Wheatley, Federal Reserve Bd., Washington, DC, for Defendant.

### MEMORANDUM OPINION & ORDER

SULLIVAN, District Judge.

Plaintiff Rosemarie L. Nelson brings this Title VII action against Alan Greenspan, Chairman of the Board of Governors of the Federal Reserve System, in his official capacity. Pending before this Court is defendant's motion to dismiss the First Amended Complaint or, in the alternative, for summary judgment. Upon careful consideration of the motion and the opposition thereto, it is hereby

**ORDERED** that defendant's motion to dismiss, [25–1], is **GRANTED IN PART** and **DENIED IN PART;** and it is

**FURTHER ORDERED** that defendant's motion for summary judgment, [25–2], is **GRANTED;** and it is

**FURTHER ORDERED** that this case is **DISMISSED.**

### I. BACKGROUND

Plaintiff joined the Board of Governors of the Federal Reserve System ("Board") in 1993, working in the Board's Equal Employment Opportunity ("EEO") office as a Grade 25 EEO Specialist. In 1997, plaintiff brought two EEO complaints against the Board, which were resolved by a settlement agreement dated January 7, 1998 ("Settlement Agreement"). Plaintiff released defendant from "any and all claims ... which she could make on her

own behalf" regarding events that occurred up to and including the date of the Agreement. Plaintiff also "waive[d] any right to in any way voluntarily assist any individual or entity in commencing or prosecuting any action or proceeding ... against the Board."

Under the Settlement Agreement, plaintiff agreed to serve a detail in the Division of Consumer and Community Affairs ("DCCA") for a period of two years in a Grade 26 position. The Settlement Agreement provided that during the detail, DCCA could offer her a permanent position in that division and that if it did not, the Board would find another position for her at the conclusion of the detail. In November 1999, at the request of DCCA management, the position plaintiff occupied in DCCA was converted from a temporary to a permanent position, with plaintiff as the occupant. This effectively ended the detail called for in the Settlement Agreement, replacing it with a permanent position in DCCA. Plaintiff has since been promoted to a Grade 27 Senior Community Affairs Analyst. Plaintiff's performance has consistently been rated "Commendable," a rating which denotes full satisfactory performance.

On January 28, 1999, plaintiff filed this lawsuit seeking to void the Settlement Agreement and alleging discrimination for Board actions before and after the date of the Agreement. Plaintiff initiated contact with an EEO counselor concerning the allegations in the Complaint on February 12, 1999. Plaintiff alleged that she was discriminated against because of her race, Puerto Rican, and national origin, Hispanic, and that she was retaliated against because of her prior protected activity, the complaint she made which led to the Settlement Agreement. She stated to the EEO counselors that on January 8, 1999 her supervisor instructed other supervi-

sors to contact a representative of the Employee Relations Office regarding plaintiff's request to discuss her duties, work assignments, and career enhancement opportunities within DCCA. That same day, her supervisor also told another supervisor that she was not to meet with plaintiff alone under any circumstances. Plaintiff also alleged a class claim involving a pattern and practice of discrimination by the Board against herself and others who assert their rights under Title VII of the Civil Rights Act of 1964. Plaintiff received counseling on these allegations. Because the complaint contained class allegations, it was immediately referred for processing to the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has received a right-to-sue letter from the EEOC.

On a motion to dismiss, this Court agreed with and adopted Magistrate Judge John Facciola's conclusion that plaintiff is bound by the Settlement Agreement, which bars plaintiff's claims predicated on actions before January 7, 1998, including any actions taken consistent with the Settlement Agreement. The court did acknowledge that plaintiff can bring a cause of action based on events occurring after January 7, 1998. The Court then directed plaintiff to file a First Amended Complaint striking any allegations based on events covered by the Settlement Agreement. Plaintiff filed her First Amended Complaint on December 8, 2000, which contains both individual and class allegations of discrimination based on race and national origin and assertions of intentional improper processing of EEO complaints.

## II. ANALYSIS

Defendant asserts that plaintiff's claims should be dismissed because 1) she has not exhausted her administrative remedies; 2) she fails to state claims for which relief can be granted; and 3) she lacks standing to

bring the class claims alleged. This Court finds that plaintiff has exhausted her administrative remedies, yet fails to state any claims for relief. As such, she lacks standing to bring the class claims asserted.

### A. *Exhaustion of Administrative Remedies*

 Defendant contends that plaintiff failed to exhaust her administrative remedies with respect to certain claims because she did not cite to these allegations in her original EEO complaint. A Title VII plaintiff must exhaust administrative remedies before pursuing his or her claims in federal court. *See, e.g., Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832–833, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Artis v. Greenspan*, 158 F.3d 1301 (D.C.Cir.1998). A Title VII suit following an EEOC charge "is limited in scope to claims that are like or reasonably related to the allegations of the charge and grow out of such allegations." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C.Cir.1995) (internal citations omitted). While, "the requirement of some specificity in charge is not a mere technicality," courts must not construe the administrative charge requirement to place a heavy technical burden on potential plaintiffs. *Id.*

 The record supports plaintiff's position, to an extent. Plaintiff's original formal administrative complaint did not detail all the allegations in the Complaint. However, in a response to a question by an EEO counselor to verify that the allegations of discrimination only include the incidents on September 8, 1998, plaintiff responded that her allegations did not. Her response indicated that she wished to clarify and expand on her allegations. In her expansion she includes all the allegations that she now states in her Complaint, except the allegation that her performance ratings and resulting salary were discrimi-

natory. Accordingly, plaintiff exhausted her administrative remedies, with respect to all claims except those relating to her performance ratings and salary.

### B. *Individual Claims*

In Count I, plaintiff alleges she was qualified for higher ratings and permanent status. Specifically she states that 1) she was qualified for a permanent position and that as a result of her allegedly discriminatory demotion to a temporary position, she suffered damages then and later by reason of delays in promotions; 2) she was qualified for higher ratings and larger salary than she received in her new position; 3) defendant consistently down-rated her since the filing of her complaint; 4) when she complained about her work assignments, proper confidential procedures were not followed; and 5) defendant failed to follow federal law in the processing of her EEO complaint. She also states that defendant favored equally or lesser qualified, non-protected employees at the workplace which resulted in an adverse impact on her earnings and advancement.

Defendant asserts that it is entitled to dismissal of the complaint under Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56. In considering a motion under Rule 12(b)(6), the Court must accept plaintiff's factual allegations as true, *see Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), and draw all inferences in plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). To prevail, defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of [plaintiff's] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sparrow v. United Air*

*Lines,* 216 F.3d 1111 (D.C.Cir.2000). In contrast, the Court will review the facts in a light most favorable to the nonmoving party in deciding a Rule 56 motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment should be granted only if the moving party has shown that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548; *Aka v. Washington Hosp. Ctr.,* 116 F.3d 876, 879 (D.C.Cir.1997), *aff'd on reh'g,* 156 F.3d 1284, 1287 (1998).

#### 1. Delay in Promotion Claim

■ Plaintiff alleges that she was qualified for a permanent position and had been a permanent employee prior to her transfer from her previous position as a counselor in the EEO department. She claims that by reason of a discriminatory act, the reduction in status to "temporary," she suffered damages both then and later by reason of the delays in promotion caused by her demotion. Plaintiff's allegations withstand a motion to dismiss.

■ Despite plaintiff's characterizations, there is no dispute that this situation occurred as a result of the Settlement Agreement.[1] The Settlement Agreement states that

the Board shall place [plaintiff] on a two year detail to the [DCCA] as a Consumer Complaints Analyst at the FR 26 level. [plaintiff] shall receive a salary increase commensurate with the FR 26 level. . . .

If during the detail management of DCCA desires to retain [plaintiff],

[plaintiff] shall be offered the opportunity to join DCCA as a regular employee, and the detail shall be terminated. If [plaintiff] joins DCCA as a regular employee, she shall do so at the FR 26 level.

At the conclusion of the first or second year of the detail either plaintiff or management or DCCA may terminate the detail for any reason. If the detail is terminated pursuant to this provision, the Board will make best efforts in good faith to place [plaintiff] in another position for which she is qualified at the FR 26 level. . . .

Plaintiff's transfer from her position as an EEO counselor to the DCCA detail was pursuant to the Settlement Agreement between plaintiff and defendant. As defendant correctly argues, any claims resulting from action taken pursuant to the Settlement Agreement are barred by that Agreement.

Furthermore, the undisputed facts refute plaintiff's premise that she was ever made a "temporary" employee. While the Settlement Agreement provided for a detail limited in time, plaintiff's employment was not so limited. The Settlement Agreement specifically indicated that if the position for which plaintiff was to fill for two years was to become a permanent position, and it was mutually agreeable, then plaintiff could occupy that position. DCCA did decide to make the position permanent and plaintiff did decide to continue in the position. There is a difference between a temporary position and a temporary employee. The Settlement Agreement clearly indicates that while the posi-

---

**1.** This Court's November 8, 2000 Order required plaintiff to strike any allegations in the Complaint that supported causes of action based on conduct that occurred before the Settlement Agreement, or as a result of that Agreement. This Court is not pleased with plaintiff's attempt to once again circumvent the Settlement Agreement, and now, ignore this Court's order.

tion may have been temporary, plaintiff certainly was not. There is no issue of material fact on this point.

Accordingly, summary judgment is granted in favor of defendant on plaintiff's claim in Count I of a delay in promotion and lack of advancement opportunities.

### 2. Claims Regarding Advancement and Inadequate Ratings

■ Plaintiff alleges that she was "qualified for higher ratings and salary than she received in her new positions." Plaintiff also states that defendant down-rated her since the filing of her complaint(s). Plaintiff's allegations do not withstand the motion to dismiss, since she has not exhausted her administrative remedies. Accordingly, the motion to dismiss plaintiff's claim in Count I for adverse personnel actions with respect to ratings is granted.

### 3. Claims Regarding Mishandling of Employment Related Discussions

■ Plaintiff alleges that when she complained "proper confidential procedures were not followed, but instead her complaints were referred to the human resources management department where problem employees were referred on a non-confidential basis." To the extent that the alleged complaints related to duties, work assignments, and career enhancements, and not complaints of discrimination, plaintiff has no cause of action. Defendant does not have an obligation to handle work-assignment discussions using a particular process. As plaintiff alleges, her complaints were handled consistent with those of problem employees, which does not suggest any discrimination on the basis of national origin or any other protected class. Plaintiff suggests that there is a material fact as to whether this treatment resulted from management edict or an individual's supervisor's attempt to in-

timidate plaintiff by placing her in a special category of non-trusted employees. The facts, even viewed in the light most favorable to plaintiff, indicate that these actions were not discriminatory.

Moreover, the alleged conduct does not rise to the level of an adverse employment action. Plaintiff does not cite any duty that she was given or refused, promotion denied, or raise withheld, as a result of these actions, which would indicate that she was treated differently than similarly situated employees and that she was subject to an adverse employment action.

Accordingly, summary judgment is granted in favor of defendant on plaintiff's claim in Count I for failure to follow confidential procedures with respect to her work-related complaints.

### 4. Claims Regarding Processing of Discrimination Claims

■ Plaintiff asserts that defendant failed to follow proper procedure in the processing of her complaints which ultimately resulted in the Settlement Agreement. Her complaint fails for two reasons. First, to the extent that plaintiff means to assert that her complaints were not treated in a manner consistent with the processing requirements of Title VII claims, the law is clear. Title VII "does not create an *independent* cause of action for the mishandling of an employee's discrimination complaints." *Young v. Sullivan*, 733 F.Supp. 131, 132 (D.D.C.1990), *aff'd*, 946 F.2d 1568 (D.C.Cir.1991) (emphasis added). In addition, any such complaints preceded the Settlement Agreement. As such, they are barred by the Settlement Agreement. Plaintiff does not assert that there were processing irregularities in the complaints which resulted in this lawsuit, and the record would not support such an allegation. Accordingly, summary judgment is granted in favor of de-

fendant on plaintiff's claim in Count I based on processing irregularities.

### C. *Standing to Assert Class Claims*

 Plaintiff does not have standing to assert the class claims. Plaintiff alleges that she is an adequate class representative because she is a member of the protected class, which would include all minority clerical, non-clerical and/or professional level employees of the Board of Governors of the Federal Reserve System. However, as set forth in this opinion, she does not have an individual claim. This opinion has thus far held that plaintiff cannot allege any cause of action based on the allegations set forth in her complaint. Furthermore, many of plaintiff's allegations seek to circumvent the Settlement Agreement, which this Court specifically prohibited in its November 8, 2000 Order.[2]

A class representative must have standing to bring that claim. *See O'Shea v. Littleton,* 414 U.S. 488, 493–94, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Plaintiff asserts that she is aware of and has observed the improper processing of complaints. However, because plaintiff is barred by the Settlement Agreement she cannot assert this claim on behalf of others. In addition, plaintiff fails to assert facts which support an allegation that any of her EEO complaints after January 8, 1998 were improperly handled. As the complaint only names plaintiff Rosemarie Lucero–Nelson as a class representative, Count II must be dismissed for lack of standing.

2. The Court notes that plaintiff's attorney here has also filed a class action based, in part, on the same conduct complained of here. The complaint filed in *Artis v. Greenspan,* civil action No, 99–2073 (D.D.C.), states that "the policy of the Fed is not to process any class complaints and to falsely deny to the EEOC and the Federal Courts that any class representative has exhausted the administra-

### III. CONCLUSION

For the reasons set forth above, judgment is entered in favor of defendant on each claim in Count I of plaintiff's Complaint, except for the claims relating to performance evaluations and salary. Those claims have been dismissed, as plaintiff failed to exhaust her administrative remedies with respect to those claims. Count II of plaintiff's complaint is dismissed as plaintiff lacks standing to bring these class claims. Accordingly, this case is **DISMISSED.**

tive remedy requirement by submitting to counseling." That Complaint relies on an Affidavit by the plaintiff here, Rosemarie Nelson. Such Affidavit and seemingly voluntary assistance of plaintiff to the plaintiffs in that case may violate the Settlement Agreement, but that is not an issue to be resolved in this case.