[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16356
Non-Argument Calendar

_____

D. C. Docket No. 04-00072-CV-5-CLS

JERRY WAYNE HILL,

Plaintiff-Appellant,

versus

R. L. BROWNLEE,
Acting Secretary of the Army,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 17, 2006)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jerry Wayne Hill, proceeding *pro se*, appeals the district court's

grant of summary judgment for R.L. Brownlee, Acting Secretary of the Army ("Army"), his employer, on his claim that the Army failed to complete an investigation of the discrimination claims alleged in his Equal Employment Opportunity ("EEO") complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

"A district court's grant of summary judgment is reviewed *de novo.*" *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). A court shall grant summary judgment when the evidence before it shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Rojas*, 285 F.3d at 1341-42 (internal citation and quotations omitted).

A federal employee plaintiff may bring an action in district court after 180 days from the filing of an EEO complaint if final action has not been taken by the agency within that time period. 29 C.F.R. § 1614.407; 42 U.S.C. § 2000e-16(c). Title VII confers no right of action against the enforcement agency. *See Gibson v. Missouri P. R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978).

After reviewing the record, we conclude that the district court properly

determined that no cause of action exists for an agency's failure to investigate an EEO complaint within 180 days. Further, to the extent that Hill raises arguments related to his remaining substantive claims, he did not establish that the district court erred by granting summary judgment because his objection to the deputy director to his job reassignment was insufficient to exhaust his claim. *See* 29 C.F.R. § 1614.105(a)(1). Additionally, Hill provided no evidence to support his allegation that two other white males were rejected for promotions by the U.S. Army Material Command based on a policy favoring the promotion of females and minorities or that Hill's own applications for promotions were rejected based on this policy. Thus, we conclude that the district court did not err in granting summary judgment for the Army on those claims.

For the above-stated reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**