**Phillip S. WOODRUFF, Appellant**

v.

**Neil McPHIE, Chairman, U.S. Merit Systems Protection Board, Appellee.**

**No. 09–5086.**

United States Court of Appeals, District of Columbia Circuit.

June 25, 2010.

Rehearing En Banc Denied July 28, 2010.

Phillip S. Woodruff, Upper Marlboro, MD, pro se.

Madelyn Elise Johnson, Assistant U.S. Attorney, R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: HENDERSON, TATEL, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties pursuant to D.C. Circuit Rule 34(j). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed. Phillip S. Woodruff challenges an adverse decision of the Merit Systems Protection Board (MSPB), alleging discrimination and other misconduct by the administrative law judge who handled his case. The district court properly dismissed Woodruff's complaint for failure to state a claim.

■ We directed the parties to address the timeliness of this appeal. The district court issued an order purporting to dismiss this case in March 2008 but stated in that order, "[T]his Order shall not be deemed a final order subject to appeal until the Court has issued its Memorandum Opinion in this matter." *Woodruff v. McPhie*, No. 06–688 (D.D.C. Mar. 28, 2008). Ten months later, the court issued its opinion, and this appeal followed. As measured from the opinion, the appeal is timely, but as measured from the earlier order, it is not. Pursuant to our decision in *St. Marks Place Housing Co. v. HUD*, 610 F.3d 75 (D.C.Cir.2010), we conclude that the court did not issue a final decision, which was necessary to start the clock for an appeal, until it released its memorandum opinion. *See* 28 U.S.C. § 1291 (appeals arise from district courts' "final decisions"). Because Woodruff timely filed his notice of appeal following that opinion, we have jurisdiction.

■ On the merits, Woodruff alleges that the MSPB violated; 1642; 1642Title; 1643; 1643VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the; 1665; 1665Age; 1666; 1666Discrimination in; 1668; 1668Employment; 1669; 1669Act (ADEA), as amended by the Older Workers' Benefit Act, 29 U.S.C. § 621 *et seq.*, in its handling of his employment appeal. Neither statute, however, creates a cause of action against the MSPB for its processing of a case. *See Smith v. Casellas*, 119 F.3d 33, 34 (D.C.Cir.1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."); *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir.1984) (rejecting Title VII claim against the EEOC for its handling of a discrimination complaint); *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir.1983) (same);

*Gibson v. Mo. Pac. R.R. Co.*, 579 F.2d 890, 891 (5th Cir.1978) (same). To the extent Woodruff has a claim under either Title VII or the ADEA, it is against his former employer, the Department of Transportation.

Woodruff insists that the MSPB's EEO Office told him that bringing this action was the proper way to contest the Board's handling of his case. But as the district court stated, "[e]ven if [Woodruff] is correct ... the critical question is whether the Court can provide the relief [he] seeks," and under Title VII and the ADEA, we cannot. *Woodruff v. McPhie*, 593 F.Supp.2d 272, 277 (D.D.C.2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.