24-2524-cv
*Maxius v. Mount Sinai Health Systems Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-six.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **DENNIS JACOBS,**
> **BARRINGTON D. PARKER,**
> *Circuit Judges.*

_____

Abbelen Maxius,

> *Plaintiff-Appellant,*

> v.                                                                                        24-2524

Mount Sinai Health Systems Inc., Mount Sinai Beth Israel, Christopher Berner, JD, Judith S. Block,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Abbelen Maxius, pro se,
                                            New York, NY.


FOR DEFENDANTS-APPELLEES:                   Rory J. McEvoy, Brittany
                                            A. Buccellato, Akerman,
                                            LLP,   New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Abbelen Maxius, at first *pro se* but then represented by pro bono counsel, sued her former employer, Mount Sinai Health Systems, and two supervisors, alleging she was subjected to a hostile work environment and disparate treatment based on her race and other protected characteristics, and to retaliation after engaging in protected activity. The district court granted summary judgment in favor of the defendants, determining that the conduct Maxius complained of was not sufficiently severe or pervasive to support a hostile work environment claim, and that Maxius failed to meet her burdens on her discrimination and retaliation claims.   Maxius appeals *pro se* and moves to supplement the record.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We affirm the judgment of the district court for the reasons set forth in the district court's opinion granting summary judgment. Maxius has abandoned any argument on appeal because her one-page brief contains no statement of facts, no legal discussion, no citation to authority, and no argument as to any error the district court might have made; she instead invites the Court to search for error in hundreds of pages of exhibits and transcripts. Briefing requirements for *pro se* litigants are not rigidly enforced, and *pro se* filings should be liberally construed to raise the strongest arguments they suggest. *See Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021). But the Court "need not manufacture claims of error for an appellant proceeding *pro se*," *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995), and we decline to do so here. *See also id.* (noting that "*pro se* litigants should anticipate that this court may dismiss an appeal where the brief submitted contains no identifiable argument") (quoting *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984)).

Accordingly, we **AFFIRM** the judgment of the district court. Maxius's pending motion to supplement the record is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3