738

Enrique CARAVEO, Plaintiff–
Appellant,

v.

U.S. EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, Guillermo
Zamora, individually and in his offi-
cial capacity, Pedro Esquivel, indi-
vidually and in his official capacity,
Ida L. Castro, Former EEOC Chair-
woman and currently EEOC Com-
missioner, Cari M. Dominguez,
EEOC Chairwoman, individually and
in her official capacity, Jacqueline
R. Bradley, individually and her offi-
cial capacity, Michele Megerle, indi-
vidually and in her official capacity,
Defendants–Appellees,

Nielsen Media Research, Inc. ("NMR"),
VNU, ACNielsen Corporation ("AC-
Nielsen"), Gabriel Oviedo, individually
and as an agent of NMR/VNU/ACNiel-
sen, Fred Rogers, individually and as
an agent of NMR/VNU/ACNielsen,
Bob Burns, individually and as an
agent of NMR/VNU/ACNielsen, Ralph
Flores, individually and as an agent of
NMR/VNU/ACNielsen, Manuel Cru-
jeiras, individually and as an agent of
NMR/VNU/ACNielsen, Nielsen Media
Research Inc. Plan, Metropolitan Life
Insurance Company, Gail E. Hene-
ghan, individually and as an agent of
MetLife, NMR/VNU/ACNielsen, Avid
Scheuller, individually and as an
agent of MetLife, NMR/VNU/ACNiel-
sen, Robert C. Porter, individually and
as an agent of MetLife,
NMR/VNU/ACNielsen, Network Medi-
cal Review Company, individually and
as an agent of MetLife and
NMR/VNU/ACNielsen, Unival, individ-
ually and as an agent of MetLife and
NMR/VNU/ACNielsen, Byron D.
Brent, individually and as an agent of
MetLife and NMR/VNU/ACNielsen,
George C. Whitaker, individually and
as an agent of MetLife and
NMR/VNU/ACNielsen, Midwest Eye-
care, individually and as an agent of
MetLife and NMR/VNU/ACNielsen,
Defendants.

No. 03–6168.

United States Court of Appeals,
Second Circuit.

March 26, 2004.

Enrique Caraveo, Sherman Oaks, California, for Appellant, pro se.

Danna Drori, Assistant United States Attorney, Southern District of New York (David N. Kelley, United States Attorney; Sara L. Shudofsky, Assistant United States Attorney, on the brief), New York, New York, for Appellees.

Present: McLAUGHLIN, RAGGI, Circuit Judges, and TRAGER, District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered May 7, 2003, is AFFIRMED.

Plaintiff-appellant Enrique Caraveo, who sued twenty-five defendants on various claims relating to his discharge from employment, appeals the district court's order dismissing, pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), so much of his complaint as charged defendants-appellees, the Equal Employment Opportunity Commission (EEOC) and several EEOC employees, with violations of due process and the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, as a consequence of their failure adequately to investigate his charges of disability discrimination in employment and to provide him with requested documents pertaining to his EEOC claim. We assume familiarity with the pleadings and the history of proceedings before the district court, including the detailed report and recommendation of Magistrate Judge Ellis.

We review *de novo* dismissals pursuant to Rule 12(b)(6) for failure to state a claim, accepting as true all material facts alleged in the complaint and drawing all reasonable inferences therefrom in plaintiff's favor. *See Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999). We also review *de novo* dismissals pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and, where, as in this case, no discovery has occurred, we construe all allegations in the complaint and any supplemental affidavits in plaintiff's favor. *See In re Magnetic Audiotape Antitrust Litig.,* 334 F.3d 204, 206 (2d Cir.2003).

## 1. *Interlocutory Jurisdiction*

■ Preliminarily, we observe that although the district court entered judgment pursuant to Rule 54(b), it did not specifically explain why "there is no just reason for delay." Fed.R.Civ.P. 54(b). Although our precedents indicate that the lack of an explanation would normally preclude our exercise of jurisdiction, *see Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.,* 298 F.3d 168, 171 (2d Cir.2002), we think the reasons for the district court's certification are so obvious that remand would result in an unnecessary delay, *see Fletcher v. Marino,* 882 F.2d 605, 609–10 (2d Cir.1989). The claims against the EEOC and its employees are independent from the claims against the other defendants, they have been finally determined, and no purpose would be served by delaying review until the other claims have been resolved. *See id.*

## 2. *Due Process Claim against the EEOC*

■ Caraveo's *pro se* complaint sued defendants for violation of due process pursuant to 42 U.S.C. § 1983. The district court properly construed the claim as one arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Tavarez v. Reno,* 54 F.3d 109, 109–110 (2d Cir.1995) (*per curiam*). *Bivens* actions, however, do not lie against federal agencies or against federal employees sued in their official capacities. *See FDIC v. Meyer,* 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Thus, plaintiff's ability to sue these defendants depends on the existence of a cognizable cause of action against them pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). None exists.

In *Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2 (2d Cir.1997) (per curiam),

this court ruled that Title VII gives rise to no express or implied cause of action against the EEOC "for claims that the EEOC failed properly to investigate or process an employment discrimination charge," *id.* at 6 (joining other circuits that had similarly ruled). This decision affirmed a district court ruling that noted among the implicit claims that could not be pursued an action for denial of due process. *See Baba v. Japan Travel Bureau Int'l, Inc.*, No. 94 Civ. 2171, 1995 WL 35689, at *1 (S.D.N.Y. Jan. 30, 1995) (Sotomayor, J.).

Because the same standard of conduct governs the EEOC's enforcement responsibilities with respect to the ADA and Title VII, *see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285–86, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002), plaintiff's due process claim against the EEOC and employee defendants sued in their professional capacities was properly dismissed in light of *Baba.*

3. *Due Process Claim against Defendants Sued in Individual Capacities*

Dismissal of Lopez's due process claim against EEOC employees sued in their individual capacities was also proper.

■ Because Caraveo did not sue these defendants pursuant to any statute providing for nationwide service of process, New York's personal jurisdiction rules apply. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.1997). As the district court correctly determined, none of the individual defendants has sufficient contacts with New York to subject him or her to personal jurisdiction under these rules. *See* N.Y. C.P.L.R. § 302(a).

■ We further agree that transferring the case to a federal court with personal jurisdiction would not have been appropriate under 28 U.S.C. § 1631 (providing for transfers "in the interests of justice"). *See Adeleke v. United States*, 355 F.3d 144, 152

(2d Cir.2004). Plaintiff's complaint falls far short of pleading the sort of "egregious" government misconduct in investigation that could support a due process claim. *United States v. Duggan*, 743 F.2d 59, 84 (2d Cir.1984) (holding that due process challenge to criminal prosecution based on investigative misconduct would be recognized only where conduct was so egregious and excessive as to shock the conscience); *see also Hannah v. Larche*, 363 U.S. 420, 442–43, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960) (generally discussing why due process applicable to adjudicative determinations does not apply to investigative proceedings).

4. *FOIA Claim*

■ Because Caraveo failed to allege that he (1) complied with EEOC guidelines regarding FOIA requests, *see* 5 U.S.C. § 552(a); 29 C.F.R. § 1610.5; and (2) exhausted administrative remedies, a prerequisite to maintaining a FOIA action in the courts, *see* 5 U.S.C. § 552(a)(6)(C), the district court properly dismissed this claim as against all defendants.

5. *Further Amendment*

■ The district court did not abuse its discretion in refusing to permit Caraveo to amend his complaint. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131–32 (2d Cir.1993) (*per curiam*). Caraveo has already been permitted two amendments. Neither in the district court nor on appeal has he offered any reason to think further amendment would be productive.

Accordingly, the judgment of the district court dismissing Caraveo's claims against defendants-appellees is hereby AFFIRMED.