UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDY BROWN, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
JACQUELINE A. BERREIN, Chairperson, ) **13 0151**
Equal Employment Opportunity Commission, )
)
Defendant. )

## MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff alleges that he sustained a head injury in February 2009 which exacerbated a preexisting cognitive disability. Compl. at 1. He attributes these injuries and their effects on his judgment and motor speed, as the causes for his failure to file his charge of discrimination within the 300-day limitations period. *See id.* at 2. Plaintiff claims that the Equal Employment Opportunity Commission erred by summarily dismissing his charge of discrimination as untimely without taking his disability into account. *Id.*

"Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir.) (per curiam), *cert. denied*, 522 U.S. 958 (1997); *McCottrell v. Equal Employment Opportunity Comm'n*, 726 F.2d 350, 351 (7th Cir. 1984) ("It is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and

1

processing of a charge."); *Ward v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984). Nor is there a cause of action against the Chairperson of the EEOC arising from her handling of plaintiff's charge of discrimination. *See Caraveo v. U.S. Equal Employment Opportunity Comm'n*, 96 F. App'x 738, 740 (2d Cir. 2004) (affirming dismissal of claim against EEOC and its employees sued in their official capacities for their alleged failure to adequately investigate charges of disability discrimination); *Svenson v. Thomas*, 607 F. Supp. 1004, 1006 (D.D.C. 1985) (concluding that the EEOC's Chairman was not amenable to suit under Title VII or the Age Discrimination in Employment Act because there is no cause of action against the EEOC arising from its investigation or processing of a charge). The Court will therefore dismiss the instant complaint for its failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An Order accompanies this Memorandum Opinion.

Rosemary M Colly
—————————————————
United States District Judge

DATE: 17 January 2013

2