James Daniel **BARTLETT** and Helen Stuart, Substituted Party Plaintiff for Harold V. Stuart, Plaintiffs,

v.

**FRUEHAUF CORPORATION,**
Defendant.

No. C–C–85–481–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 27, 1986.

Joyce M. Brooks, Ray & Brooks, Charlotte, N.C., for plaintiffs.

Ernest S. DeLaney, III, Delaney & Sellers, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Defendant's Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in its favor on Plaintiff Stuart's age discrimination claim. The Defendant has also moved pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend its Answer.

This action was originally brought by Plaintiff James Daniel Bartlett under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, on August 6, 1985. By leave of Court, Harold V. Stuart was allowed to intervene as a Plaintiff, and an Amended Complaint adding Plaintiff Stuart's age discrimination claim against the Defendant was filed on January 8, 1986.

On December 14, 1984, Harold Stuart was informed by Olan Henderson, Assistant Plant Manager at Defendant's Charlotte plant, that he was being laid off because of a decrease in production, and that his last day of work would be December 21, 1984. Affidavit of Olan Henderson; Affidavit of Jerry Richi; Deposition of Stuart, pp. 24–27. Although Stuart remained on the payroll through December 31, 1984, his last day of work was, in fact, December 21, 1984. Deposition of Stuart, pp. 26–27.

Stuart contacted his attorney, Joyce Brooks, after his layoff but before he filed a charge of age discrimination with the EEOC. She advised him that he would have to file a charge with the EEOC within 180 days of the day on which he had been notified that he was being laid off. Stuart told Brooks that he did not wish to file a charge at that time because he feared that doing so would jeopardize his chances for recall. Affidavit of Brooks, ¶ 2.

In November 1985, Stuart again contacted Brooks and asked her to represent him in his dispute against the Defendant. Because his EEOC charge bears a date of June 27, 1985, Brooks discussed with him the apparent untimely filing of his EEOC charge. When he told her he had filed it within 180 days of the last date of his employment, she reminded him of their earlier conversation during which she had told him the charge had to be filed within 180 days of the date he was informed of his layoff. Affidavit of Brooks, ¶ 3.

Nonetheless, Ms. Brooks took the case and filed an Amended Complaint on Stuart's behalf. In that pleading, he alleges that he "exhausted his administrative remedy prior to filing suit" and that "he was discharged from his Foreman position on or about January 1, 1985." Amended Complaint, ¶¶ 12, 14.

On the eve of his deposition several months later, Stuart stated to Attorney Brooks for the first time that he had been to the EEOC within 180 days of his layoff notification, but that the EEOC intake officer did not type the charge at that time because it was too late in the day. He claimed that the charge was not ready for his signature until after the 180–day period had run. Affidavit of Brooks, ¶ 3. Brooks stated in her affidavit that she was unable to substantiate or verify Stuart's claim regarding the circumstances surrounding the filing of his EEOC charge. Affidavit of Brooks, ¶ 4. (Mr. Stuart died shortly after his deposition was taken.)

The Defendant has presented to the Court the affidavit of R. Edison Elkins, acting District Director of the Charlotte District Office of the EEOC and custodian of the EEOC charge files located in that office, in which Mr. Elkins states that Mr. Stuart's file contains no evidence that Stuart contacted the EEOC prior to June 27, 1985, the date of his charge. June 25, 1986 Affidavit of Elkins, ¶ 3. He explained that a log of all contacts with all parties of interest was maintained in Stuart's case in accordance with the policy of the EEOC, and he attached a copy of the first page of that log to his affidavit as Exhibit "A." June 25, 1986 Affidavit of Elkins, ¶¶ 4–5. The first entry on Stuart's log was for June 27, 1985, and states that the charging party reported to the office to file a charge of age discrimination, that precharge counseling was conducted, and that the charge was framed, signed, and dated by the charging party. Exhibit "A" to June 25, 1986 Affidavit of Elkins.

The Court notes that Stuart declared under penalty of perjury on his Charge of Discrimination that "on January 1, 1985 [he] was informed in a meeting with Assistant Plant Manager and Plant Superintendent, Mr. Odom Henderson and Mr. Jerry Riley, respectively, that [he] was being temporarily laid off due to lack of business." See Exhibit A to June 5, 1986 Affidavit of Elkins. While this statement made it appear that his charge was being filed within 180 days of the day he was notified of his layoff, it conflicts with the sworn affidavit testimony of Henderson and Richi. More significantly, Stuart recanted that statement when he testified under oath at his deposition on March 3, 1986, that the date on which he was informed by Henderson of his layoff was actually December 14, 1984.

As Ms. Brooks correctly advised Plaintiff Stuart, an employee who wishes to sue his employer for age discrimination must first file a charge of discrimination with the EEOC within 180 days of the date on which the employee was *informed* of the allegedly discriminatory employment decision, regardless of when the effects of that decision came to fruition. *Price v. Litton Business Systems, Inc.*, 694 F.2d 963, 965 (4th Cir.1982). The Defendant argues on the basis of the affidavits it has submitted as well as the Plaintiff's own deposition testimony that there is no genuine issue of material fact as to the untimeliness of his charge, since June 27, 1985, the date on which the Plaintiff filed his charge, is more than 180 days after December 14, 1984, the date on which Henderson informed the Plaintiff he was being laid off. It, therefore, claims that it is entitled to summary judgment in its favor as a matter of law, since he did not satisfy the charge filing requirement of 29 U.S.C. § 626(d)(1).

Plaintiff Helen Stuart, who was substituted for her husband as Plaintiff after his death, does not contest the Defendant's assertion that there is no genuine issue of material fact as to the date on which Mr. Stuart was notified of his layoff. She does, however, claim that there is an unresolved issue of material fact as to the date Stuart filed his EEOC charge based on his unsworn hearsay statements to Ms. Brooks before his deposition. There is, however, no competent evidence before the Court that Mr. Stuart visited the EEOC office before the date indicated in his EEOC file, *i.e.*, June 27, 1985. More importantly, oral discussion during a visit to the EEOC does not qualify as "filing" a charge; the Fourth Circuit has held that "a *written charge* alleging unlawful discrimination must be filed within 180 days after the alleged unlawful practice occurred in order to comply with § 626(d) of the ADEA, as amended." *Greene v. Whirlpool Corp.*, 708 F.2d 128, 130 (4th Cir.1983) (emphasis in original), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 707, 79 L.Ed.2d 171 (1984).

The Plaintiff alternatively argues that the time limit for filing a charge of age discrimination is subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Vance v. Whirlpool Corp.*, 716 F.2d 1010 (4th Cir.1983). While

the Plaintiff's general contention is correct, the Court is of the opinion that there are no exceptional circumstances in this case to invoke the doctrine of equitable tolling, especially in light of the fact that Mr. Stuart was well aware of the time limit for filing his charge as a result of his conversation with his attorney. *Cf. Greene v. Whirlpool Corp., supra,* 708 F.2d at 130–31 (equitable tolling not warranted despite earlier unfruitful visit to EEOC, since plaintiff had actual knowledge of time limit for filing charge).

■ The Plaintiff also argues that the Defendant cannot assert the defense of untimeliness since it is in the nature of an affirmative statute of limitations defense which the Defendant waived under Rule 8(c) of the Federal Rules of Civil Procedure by not raising it in its Answer. Alternatively, the Plaintiff argues that courts have held that the EEOC filing requirement is in the nature of a condition precedent, the denial of which a party must make "specifically and with particularity" under Rule 9(c) of the Federal Rules of Civil Procedure. Relying on *Jackson v. Seaboard Coastline Railroad Co.,* 678 F.2d 992, 1010 (5th Cir.1982), the Plaintiff argues that since the Defendant made only a general denial of the allegation that Stuart exhausted his administrative remedies, Stuart's allegation is to be assumed admitted; therefore, the Defendant should be precluded from basing its Motion for summary judgment on the ground that Stuart's EEOC charge was untimely.

The Defendant responded to the Plaintiff's waiver argument by filing a Motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend its Answer by adding a specific denial that Mr. Stuart timely filed his charge with the EEOC and a second affirmative defense that his claim is barred by his failure to timely file his charge as required by 29 U.S.C. § 626(d)(1). The Defendant claims that the Plaintiff is clearly not surprised or prejudiced by the

Motion to amend, as her attorney was aware of the "apparent untimely filing of [Mr. Stuart's] EEOC charge," Affidavit of Brooks, ¶ 3, even prior to moving to amend the Complaint to add Stuart as an additional plaintiff, and discussed with Stuart the potential problem it could cause prior to and during the course of this action.

Plaintiff Stuart claims that she would be prejudiced by the allowance of the Defendant's Motion to amend, since she, her deceased husband, and their attorney have already expended a substantial amount of time, effort, and expense in this litigation. Stuart argues that the Defendant knew or should have known of the defense of untimeliness at the time the Court granted her husband leave to intervene as a Plaintiff in January 1986, and that waiting until the case appeared on the trial calendar six months later to assert the defense constituted "undue delay." She cites the Defendant's failure to answer until threatened with a Motion for default judgment as further evidence that the Defendant's handling of this case has been dilatory. In the alternative, Plaintiff Stuart moves that if leave to amend is granted, such leave be conditioned on the Defendant's reimbursement of Plaintiff Stuart for all costs incurred from March 6, 1986, to the present, including attorney's fees.

The Defendant vehemently denies the Plaintiff's accusation of undue delay in connection with the filing of its Motion for summary judgment. It relies on the dictate of the Pretrial Order that "all Motions must be filed no later than one week before the first day of the term in which the case has been placed on a published trial calendar." Here, the deadline for filing motions was June 30, 1986,[1] and the Defendant filed its *Motion twenty-four days before that* time.

The Defendant also denies that it knew or should have known in January that the Plaintiff's charge was not timely filed. As the Defendant notes, Stuart apparently fal-

---

1. The Court continued this case to the September Jury Trial Calendar so that the Plaintiff would have ample time to respond to the Defendant's June 30, 1986 Motion to amend its Answer.

sified his charge by stating that he had been informed of his layoff on January 1, 1985. The day after the Court granted Stuart leave to intervene as a Plaintiff, the Defendant served him with notice to take his deposition on February 13, 1986, so that, among other things, the Defendant could clear up the disparity between its evidence showing that Stuart was informed of his layoff on December 14, 1984, and Stuart's claim in his charge that he was informed on January 1, 1985. The deposition was continued to March 3, 1986, at the request of the Plaintiff's attorney. As noted above, Stuart admitted at his deposition that he was actually informed of his layoff on December 14, 1985, as opposed to the time asserted in his charge.

Mr. Stuart died on May 16, 1986. The Defendant's attorney states that he did not receive his copy of the transcript of Stuart's deposition until May 18, 1986. The Defendant argues that Stuart's death effectively put the litigation as to him in abeyance and that it, therefore, could not file a Motion for summary judgment until another party was substituted. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir.1985) (service of motion on plaintiff's attorney in ADEA case after death of plaintiff is inadequate). Stuart's wife was substituted for her husband as Plaintiff by this Court by its Order filed on April 23, 1986. Since the Defendant could not have filed a Motion until after it received notification that a party had been substituted for Mr. Stuart, it argues that its Motion for summary judgment filed on June 6, 1986, was timely and was not the result of any undue delay or dilatory tactics on its part.

The Defendant directs the Court's attention to Professor Moore's discussion in his treatise, *Moore's Federal Practice*, of whether a defendant may support a motion for summary judgment by raising defenses in affidavits which were not raised in the answer. Moore concludes that not allowing a defendant to raise unpleaded defenses by affidavits on a motion for summary judgment

> is highly technical and illiberal. Either the Answer should be deemed amended to conform to the proof offered by the affidavits or a formal amendment permitted, the affidavits considered, and the Motion for Summary Judgment decided under the usual rule pertaining to the adjudication of Summary Judgment Motions.

6 Pt. 2 *Moore's Federal Practice*, ¶ 56.-11[3].

The Ninth Circuit in *Healy Tibbitts Construction Co. v. Insurance Company of North America*, 679 F.2d 803 (9th Cir. 1982), approved the granting of summary judgment on the basis of an unpleaded affirmative defense. In *Healy*, the defendant insurance company failed to refer to the policy's exclusion clause in its affirmative defenses as it should have under Rule 8(c). The trial court granted the Defendant's Motion for summary judgment on the basis of the unpleaded exclusion clause, and the Ninth Circuit affirmed. The Court of Appeals stated:

> The defendant should be permitted to raise its policy exclusions defense in a motion for summary judgment, whether or not it was specifically pleaded as an affirmative defense, at least where no prejudice results to the plaintiff. 6 Pt. 2 *Moore's Federal Practice*, § 56.17[4] at 56–737 (2 ed. 1980). Here, both parties were aware of the policy exclusion; it was discussed by Healy in its opposition to the motion for summary judgment. *See Baker v. Western States Producing Co.*, 547 F.2d 876, 881 (5th Cir.1977).

*Id.* at 804.

Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party requests permission to amend his pleading, "leave shall be freely given when justice so requires." The Court has thoroughly considered the merits of the parties' arguments and is of the opinion that the Defendant's Motion to amend its Answer should be granted and summary judgment should be entered in the Defendant's favor on the ground that Stuart did not satisfy the requirements of 29 U.S.C. § 626(d)(1). The Plaintiff does not appear to be unfairly disadvantaged by the Defendant's failure to plead the untimeliness of Stuart's charge as an affirmative defense or its failure to *specifically* deny Stuart's allegation that

he "exhausted his administrative remedy prior to filing suit." Amended Complaint, ¶ 12. The Plaintiff's attorney was fully aware of the fundamental weakness in Stuart's claim, *i.e.*, the "apparent untimely filing of his EEOC charge." She and Stuart took a known risk when they filed the Amended Complaint.

NOW, THEREFORE, IT IS ORDERED that:

(1) The Defendant's Motion to amend its Answer is GRANTED;

(2) The Defendant's Motion for summary judgment as to Plaintiff Stuart's claim is GRANTED; and

(3) The Plaintiff's request for costs is DENIED.