[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13505
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-03467-MHH


TUESDAY RODRIGUEZ,

                                                        Plaintiff-Appellant,

versus

SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 1, 2015)


Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Tuesday Rodriguez appeals the district court's grant of summary judgment to the Secretary of the Department of Veterans Affairs in her suit alleging hostile work environment due to her national origin, in violation of Title VII. *See* 42 U.S.C. §§ 20003-2, 2000e-16(c) (prohibiting federal agencies from discriminating against employees based on their national origin). Rodriguez, a Hispanic woman, contends the district court erred by determining she had not presented the Equal Employment Opportunity Commission (EEOC) with claims of a supervisor mocking her accent. She admits mocking was not included in her complaint to the EEOC, but contends a reference to mocking during an agency interview was sufficient to administratively exhaust the claim.

Before filing a Title VII action in district court, a plaintiff must file a charge of discrimination with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). Courts are "extremely reluctant" to bar Title VII claims based on procedural technicalities and will allow judicial claims that "amplify, clarify, or more clearly focus" the EEOC complaint allegations. *Id.* (quotations omitted). Still, "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280 (quotations omitted). To determine whether a complaint falls within this scope, we ask whether the complaint is "like or related to, or grew out of, the allegations contained in her EEOC charge." *Id.*

Plaintiffs may not raise "[a]llegations of new acts of discrimination" in the judicial proceedings. *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (quotations omitted).

The district court did not err[1] in granting summary judgment because Rodriguez failed to exhaust her administrative remedies with regard to her hostile work environment charge based on allegations of mocking. Her judicial complaint of mocking was not "like or related to," nor does it appear to have grown out of, the acts identified in her EEOC charge. Rodriguez's EEOC charge of a hostile work environment was based on other specific, discrete events including assignment of duties, performance evaluations, and compensation. In all of her communications with the EEOC investigator, Rodriguez made one reference to mocking during an extensive phone interview, but this reference did not give details of the mocking or allege that it was "constant" or "vicious" in the way it was alleged in the district court. Moreover, her reference to mocking was not presented as a new instance of harassment; rather, she provided it as an explanation for why she believed that her actual charges of discrimination—assignment of duties, performance reviews, and compensation, among others—were motivated by national origin discrimination. Finally, the exhaustion requirement exists in part to ensure that the EEOC has notice and the first opportunity to investigate and

---

[1] We review a district court's grant of summary judgment *de novo. Breda v. Wolf Camera & Video*, 222 F.3d 886, 888 (11th Cir. 2000).

mediate all employment discrimination claims, *Gregory*, 355 F.3d at 1279, and Rodriguez's phone interview reference to mocking did not afford the EEOC this opportunity.  Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**