III. DISCUSSION
The defendant does not dispute the plaintiff's account of his visit to the EEOC, Def.'s SUMF at 1 n.1, but argues that his deposition testimony and the record in the case demonstrates a failure to exhaust administrative remedies warranting judgment in defendant's favor on the plaintiff's gender discrimination claim, Def.'s Mem. at 2-4. The Court agrees.
A plaintiff may file a Title VII action in federal court only after timely exhausting administrative remedies before the EEOC. See Payne v. Salazar , 619 F.3d 56, 65 (D.C. Cir. 2010) ; Bowden v. United States , 106 F.3d 433, 437 (D.C. Cir. 1997). "The EEOC filing requirement" is meant " 'to give prompt notice to the employer' " of the claim and facilitate resolution of the issues. Schuler v. PricewaterhouseCoopers, LLP , 514 F.3d 1365, 1376 (D.C. Cir 2008) (quoting Zipes v. Trans World Airlines, Inc. , 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) ); see also Bowden , 106 F.3d at 437 ("Complainants must timely exhaust these administrative remedies before bringing their claims to court."). Thus, an EEOC charge must include certain specific information about the filer and the facts underlying the charge, see 29 C.F.R. § 1601.12(a), and "is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," id. § 1601.12(b). Indeed, the statute requires that a charge "shall be in writing under oath or affirmation." 42 U.S.C. § 2000e-5(b). The Supreme Court has stressed that, in Title VII cases, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." National Railroad Passenger Corp. v. Morgan , 536 U.S. 101, 108, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (quoting Mohasco Corp. v. Silver , 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) ). Whether a plaintiff in a Title VII case has timely exhausted administrative remedies is not a jurisdictional requirement, but is an affirmative defense that the defendant bears the burden of proving by a preponderance of the evidence. Menominee Indian Tribe of Wis. v. United States , 614 F.3d 519, 527 (D.C. Cir. 2010) ; Artis v. Bernanke , 630 F.3d 1031, 1034 n.4, (D.C. Cir. 2011) ; Bowden , 106 F.3d at 437 (explaining that the Title VII exhaustion requirement "function[s] like statutes of limitations"). If a defendant meets that burden, "the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." Bowden , 106 F.3d at 437 ; Jones v. DOJ , 111 F.Supp.3d 25, 30 (D.D.C. 2015).
The defendant contends that the plaintiff failed to file a charge with the EEOC as required by Title VII because, by his own admission, the plaintiff "did not prepare a written statement detailing his allegations." Def.'s SUMF ¶ 5; see Pl.'s Depo. 14:2-5 (responding to direct question whether plaintiff had "a prepared statement to bring to the EEOC," plaintiff stated "It was fresh in my mind at that particular time."). He has further attested to the fact that he has no copy of any *6 written charge. Pl.'s Depo. at 12:4. The record indicates that the only action taken by the plaintiff to exhaust his administrative remedies was to visit an EEOC office on a single occasion, and talk to an EEOC employee, who may be a hearing officer. He did nothing more.
In briefing, the plaintiff claims, without citation, that he "completed the paperwork necessary to file a charge against Defendant WMATA." Pl.'s Mem. Supp. Opp. Def.'s MSJ ("Pl.'s Opp'n") at 5, ECF No. 36; id. at 6 (describing plaintiff as "filing [sic] out the form which EEOC requires complainants to use to indicate their charge"); id. at 7 (asserting plaintiff "in fact, did" file a charge of discrimination). Yet, nothing in the record supports this assertion in plaintiff's counsel's briefing. To the contrary, the plaintiff did not provide any written statement, only an oral interview, to the EEOC and has nothing in writing reflecting any written charge filed with the EEOC. Pl.'s Depo. at 12:4.[3]
Even with all justifiable inferences drawn in the plaintiff's favor, the statute and relevant case law are clear that his visit to an EEOC office and his conversation with an EEOC employee are not a substitute for the statutorily required written charge and do not amount to exhaustion of his administrative remedies. See, e.g. , Rodriguez v. Sec'y of Dep't of Veterans Affairs , 605 Fed.Appx. 957, 958 (11th Cir. 2015) (holding that plaintiff had not exhausted her "claims of a supervisor mocking her accent" by mentioning incident only during an EEOC interview); Sommatino v. United States , 255 F.3d 704, 709 (9th Cir. 2001) ("[V]erbal complaints to the EEO counselor and [plaintiff's] e-mails are insufficient to constitute substantial compliance with the claim presentment requirements."); Diefenderfer v. Peters , 2009 WL 1884419 at *4, 2009 U.S. Dist. LEXIS 60595 at *14 (W.D. Wash. June 29, 2009) (finding that raising constructive discharge issue orally at EEOC hearing is a "delayed and informal method of presentation of a claim [that] does not fulfill the statutory filing requirement"); Woodyard v. Gal-Tex Hotel Corp. , 2008 WL 2853637 at *3, 2008 U.S. Dist. LEXIS 55795 at *10 (W.D. Va. July 22, 2008) ("Title VII requires the filing of a written charge of discrimination with the EEOC as a prerequisite to filing suit ... [which cannot] be excused or otherwise satisfied by some other type of action by an aggrieved employee."); Bartlett v. Fruehauf Corp. , 642 F.Supp. 954, 956 (W.D. N.C. 1986) ("[O]ral discussion during a visit to the EEOC does not qualify as 'filing' a charge.").
The plaintiff nonetheless invokes Federal Exp. Corp. v. Holowecki , 552 U.S. 389, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008), to argue that the EEOC employee's "refus[al] to process [the plaintiff's] charge" does not prevent him from suing WMATA in federal court, Pl.'s Opp'n at 6-7. While the Supreme Court held in that case that an individual's right to sue is not "condition[ed] ... upon the agency taking any action," Holowecki, at 404, 128 S.Ct. 1147, the statutory requirement for "the aggrieved individual to file a charge before filing a lawsuit" was simply not at issue, id. at 403-04, 128 S.Ct. 1147. Holowecki , in other words, does not absolve the plaintiff of satisfying the statutory and regulatory requirements, under 42 U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.12, of exhausting administrative remedies by filing with the EEOC a written charge. See Woodyard , 2008 WL 2853637 at *3, 2008 U.S. Dist. LEXIS at *10 ("Title VII requires *7 the filing of a written charge of discrimination with the EEOC as a prerequisite to filing suit, and there is nothing in the Holowecki opinion that would support the notion that this statutory requirement may be excused or otherwise satisfied by some other type of action by an aggrieved employee."). In short, contrary to the plaintiff's argument, Holowecki does not provide a way around Title VII's written charge requirement.
While all justifiable inferences are to be drawn in favor of the plaintiff, the record here does not support an inference that he exhausted his administrative remedies by filing a charge in "writing under oath or affirmation." 42 U.S.C. § 2000e-5(b). Instead, set against the total absence of any record of such a written charge to the EEOC regarding the gender discrimination claim, compounded by the plaintiff's deposition testimony that he prepared no written statement of this claim and did nothing other than speak to EEOC personnel about the claim on one occasion, the defendant has met its burden of proof.
The plaintiff seeks to excuse any failure to pursue administrative remedies by arguing that, after the EEOC employee "refus[ed] to process his charge," "there was nothing further that [he] could have done" at the EEOC. Pl.'s Opp'n at 7. That is simply incorrect-nothing prevented him from providing the EEOC with more information or clarifying his purported charge. Indeed, additional interactions between complainants and the EEOC are permissible so that a complainant's "charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b).
Moreover, the plaintiff cannot "avoid the exhaustion requirement on the ground that [government] officials erroneously advised [the plaintiff] of the futility of pursuing his administrative remedies." Deaf Smith Cty. Grain Processors, Inc. v. Glickman , 162 F.3d 1206, 1214 (D.C. Cir. 1998) ; see also Office of Personnel Mgmt. v. Richmond , 496 U.S. 414, 415-16, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) (holding that "erroneous oral and written advice given by a Government employee" to a plaintiff cannot "give rise to estoppel against the Government"); Rahimi v. Weinstein , 271 F.Supp.3d 98, 104, 2017 WL 4236524 at *5, 2017 U.S. Dist. LEXIS 153944 at *14 (D.D.C. Sept. 21, 2017) (declining to excuse plaintiff's failure timely to exhaust certain discrimination claims based on erroneous advice she claimed to have been given by Human Resources Department). In sum, the plaintiff has presented no equitable reason to excuse his failure to exhaust his administrative remedies for his gender discrimination claim in Count III.
IV. CONCLUSION
For the foregoing reasons, based on the record developed following an opportunity for discovery, the defendant has carried its burden of demonstrating by a preponderance of the evidence that the plaintiff failed to submit to the EEOC the requisite written charge describing his gender discrimination claim or otherwise exhaust his administrative remedies. Accordingly, the defendant's motion for summary judgment is GRANTED.
An Order consistent with this Memorandum Opinion will be filed contemporaneously.

The plaintiff's attorney evidently requested, nearly one year ago, records of his visit to the EEOC, Pl.'s Opp'n, Ex. 2 (Letter to EEOC), ECF No. 36-2, but no supplementation of the record with submission of any EEOC-related documents has been made.