# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONNELL R. FITZPATRICK,     )
                                            )
        Plaintiff,            )
                                            )
        v.                    )      Civil Action No. 23-00939-BAH
                                            )      Judge Beryl A. Howell
                                            )
AMAZON OF SPARROWSPOINT *et al.*,  )
                                            )
        Defendants.       )

## MEMORANDUM OPINION

Plaintiff Donnell R. Fitzpatrick, proceeding *pro se*, has sued his former employer, Amazon.com Services LLC ("Amazon"), alleging discrimination based on his race, color, and religion.[1] Pending before the Court is Defendant's Motion to Dismiss, ECF No. 9, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that plaintiff failed to exhaust his administrative remedies. *See Fort Bend Cnty., Texas v. Davis*, 139 S.Ct. 1843, 1850 (2019) ("Title VII's charge-filing requirement is not of jurisdictional cast."). For the reasons explained below, this motion is granted.

## I. BACKGROUND

On March 29, 2023, plaintiff filed a form Complaint for Employment Discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, *see* 42 U.S.C. §§ 2000e *et seq*., arising from his former employment at an Amazon location in Sparrows Point, Maryland. *See* Compl. at 4 (checked boxes identifying discriminatory conduct as employment termination, unequal terms and conditions of employment, and retaliation occurring on

---

[1] Defendant explains that Amazon.com Services LLC ("Amazon") is incorrectly identified in the Complaint as "Amazon of Sparrowspoint" and "Amazon ERC." Def.'s Mot. to Dismiss at 1, ECF No. 9.

"12/09/2021"). In Section IV of the Complaint, titled Exhaustion of Federal Administrative Remedies, plaintiff confirms that the Equal Employment Opportunity Commission ("EEOC") "has not issued a Notice of Right to Sue letter" but does not state that he filed a charge with the EEOC or an EEO counselor "regarding the defendant's alleged discriminatory conduct." Compl. at 5.

## II. APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 574 U.S. 744, 757-58 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," but "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012).

In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true, even if doubtful in fact, and construe all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 555; *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) ("We assume the truth of all well-pleaded factual allegations and construe reasonable inferences from those allegations in a plaintiff's favor." (citing *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014))). The court "need not, however, 'accept inferences drawn by [a] plaintiff[ ] if such inferences are unsupported by the facts set out in the

complaint.' " *Nurriddin*, 818 F.3d at 756 (alteration in original) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

## III.  DISCUSSION

Defendant argues that plaintiff's admitted failure to exhaust his administrative remedies compels dismissal of the complaint.  For reasons discussed in more detail below, defendant is correct.

"A Title VII plaintiff must file an administrative complaint with the EEOC or a State human rights agency prior to, and as a mandatory prerequisite to, filing a federal judicial complaint."  *Elhusseini v. Compass Group USA, Inc.*, 578 F. Supp.2d 6, 16 (D.D.C. 2008) (citations omitted); *see Tapp v. Washington Metro. Area Transit Auth.*, 283 F. Supp. 3d 1, 5 (D.D.C. 2017) ("A plaintiff may file a Title VII action in federal court only after timely exhausting administrative remedies before the EEOC.").  "The purpose of the [administrative exhaustion] doctrine is to afford the agency an opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts." *Artis v. Bernanke*, 630 F.3d 1031, 1034 (D.C. Cir. 2011) (quoting *Wilson v. Peña*, 79 F.3d 154, 165 (D.C. Cir. 1996)); *see also Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) ("Title VII requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge.").  Thus, the "Title VII lawsuit following the EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Park*, 71 F.3d at 907 (cleaned up).

Plaintiff does not dispute that he has not filed, much less exhausted, his discrimination claims with the EEOC or the appropriate State agency.  Instead, plaintiff complains that he "was ignored and prolonged the process of receiving the forms for my right to sue letter by EEOC."

Pl.'s Opp'n, ECF No. 13 at 3-4. Title VII, however, "does not create an independent cause of action for the mishandling of an employee's discrimination complaints." *Young v. Sullivan*, 733 F. Supp. 131, 132 (D.D.C. 1990), *aff'd*, 946 F.2d 1568 (D.C. Cir. 1991). In other words, "no cause of action . . . exists for challenges to [the EEOC's] processing of a claim." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam).

Accordingly, plaintiff's complaint is dismissed for failure to state a viable claim.[2]

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted, and the Complaint is dismissed without prejudice. An appropriate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*

United States District Judge

DATE: January 31, 2024

---

[2] Title VII's time limits "are subject to equitable tolling, estoppel, and waiver." *Doak v. Johnson*, 798 F.3d 1096, 1104 (D.C. Cir. 2015) (cleaned up). Consequently, defendant's request to dismiss the complaint "with prejudice" due to the lateness of any charge plaintiff might file with the EEOC, Def.'s Mem. at 3, is denied.